[695 NYS2d 91]

In the Matter of BRUCE S. FRANK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 28, 1999

**APPEARANCES OF COUNSEL**

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Bruce S. Frank was admitted to the practice of law in the State of New York by the First Judicial Department

on July 27, 1987. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On or about January 19, 1996, the Departmental Disciplinary Committee (Committee) served respondent with a Notice and Statement of Charges alleging that he committed 25 violations of the Disciplinary Rules. Respondent admitted some of the Committee's allegations but denied committing professional misconduct. A Hearing Panel was convened to hear testimony and receive evidence relating to the charges. Prior to and after the hearing, six charges against respondent were withdrawn. On January 22, 1999, the Hearing Panel issued its report and recommendation, which recommended dismissal of 13 charges but sustained Charges One, Five, Eleven, Twelve, Fourteen and Twenty-Five. The Hearing Panel recommended that respondent be publicly censured.

The charges sustained by the Hearing Panel relate to four separate client matters. In the first matter, respondent was found to have neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30) (Charge One) by failing to file a client's divorce action between September 1992 and November 1993. In the remaining three matters, respondent failed to return unearned retainer fees despite the clients' requests that he do so. In one of these instances, respondent settled with the client by returning a portion of the fee. In the other two, however, default judgments were entered against respondent which went unsatisfied for substantial periods of time. Based on these allegations, Charges Five and Twelve, alleging that respondent engaged in conduct prejudicial to the administration of justice (DR 1-102 [A] [5] [22 NYCRR 1200.3]), and Charges Eleven and Fourteen, alleging the failure to promptly return an unearned fee (DR 2-110 [A] [3] [22 NYCRR 1200.15]), were sustained. The Hearing Panel also sustained Charge Twenty-Five, alleging that respondent's collective misconduct adversely reflected on his fitness to practice law (DR 1-102 [A] [8]).

The Hearing Panel recommended the sanction of public censure in light of the mitigating evidence presented by respondent. Respondent testified that he started his own law practice in 1988, after only two years of practice at small law firms. Respondent's practice expanded beyond his ability to properly manage his cases. By 1995, he realized that he was unable to meet the demands of his practice. He wound down his practice and virtually ceased practicing law. The Panel

found that respondent's voluntary cessation of practicing law, his entrance into a mentoring arrangement with a former member of the Committee, his sincere remorse and his community and *pro bono* activities constituted mitigating factors.

The Committee now seeks an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing public censure as a sanction. Respondent urges that this Court impose the lesser sanction of a private reprimand. We confirm the Hearing Panel's findings and conclusions in their entirety. Respondent has admitted the conduct underlying the sustained charges. Further, in light of respondent's intentional refusal to return unearned fees and to thereafter satisfy those clients' judgments against him, public discipline is warranted.

Accordingly, the Committee's motion for an order confirming the Hearing Panel's findings of fact and conclusions of law should be granted and respondent should be publicly censured.

ELLERIN, P. J., MAZZARELLI, RUBIN, ANDRIAS and BUCKLEY, JJ., concur.

Petition granted and respondent publicly censured.